IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,230






EX PARTE FELIPE JAMES BALDERAS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


CAUSE NUMBER 2549 IN THE 35
th DISTRICT COURT 
FROM MILLS COUNTY





 Per curiam.


O P I N I O N


 This is an application for writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art 11.07. 
Applicant was convicted based on an open plea of possession of a deadly weapon in a penal
institution and sentenced on February 24, 2004, to three years in the Institutional Division
of the Texas Department of Criminal Justice. There was no appeal. He now claims that he
was denied due process and that his plea was involuntary. 

 At the time of sentencing, the court found that Applicant was eligible for community
supervision and stated it would consider a motion for shock probation and most likely place
Applicant on such if Applicant had a favorable report from TDCJ. Applicant's attorney filed
a motion for shock probation on July 26, 2004. The trial court signed an order on August 3,
2004, directing the clerk of the court to issue a bench warrant for Applicant to return him to
court for a hearing to be held before August 24, 2004. However, the clerk of the court failed
to act on the order in a timely manner. The trial court states in the findings of fact that it
would, had it conducted a timely hearing, have placed Applicant on community supervision. 
The trial court asks us to grant the writ so that it can place Applicant on community
supervision since it now lacks the plenary power to do so. Tex. Code Proc. Ann. art. 42.12,
§ 6(a) (Trial courts have limited power to modify a sentence to impose "shock probation"
within 180 days after sentencing). 

 Relief is granted. The judgment in cause number 2548 in the 35th Judicial District
Court of Mills County is set aside and Applicant is remanded to the trial court to answer the
charges against him. Copies of this opinion shall be sent to the Texas Department of Criminal
Justice, Institutional and Pardons and Paroles Divisions. 


DELIVERED: August 31, 2005

DO NOT PUBLISH